Roland Tellis (*pro hac vice* to be filed)
rtellis@baronbudd.com
Jonas P. Mann (NJ Bar No. 020372007)
jmann@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California  91436
Telephone:   (818) 839-2333
Facsimile:   (818) 986-9698

Raymond P. Boucher (*pro hac vice* to be filed)
ray@boucher.la
Brian Bush (*pro hac vice* to be filed)
bush@boucher.la
**BOUCHER LLP**
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367
Telephone:   (818) 340-5400
Facsimile:   (818) 340-5401

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INA SCHNITZER, VIDA GUERRA, RACHEL KOREN, URSULA MAYES, LUCY PINDER, TIFFANY TOTH GRAY, and JENNIFER ZHARINOVA,<br><br>Plaintiffs,<br>v.<br><br>THE ROLEPLAY LOUNGE,<br><br>Defendant. | Docket No.<br><br>**COMPLAINT FOR:**<br><br>(1) Misappropriation of Likeness;<br>(2) Unfair Competition, 15 U.S.C. § 1125(a);<br>(3) Unfair Competition, N.J.S.A. 56:4-1; and,<br>(4) Unfair Competition.<br><br>**Jury Trial Demanded** |

Plaintiffs Ina Schnitzer, Vida Guerra, Rachel Koren, Ursula Mayes, Lucy Pinder, Tiffany Toth Gray, and Jennifer Zharinova ("Plaintiffs") set forth and allege as follows:

## INTRODUCTION AND PARTIES

### A.   Plaintiffs

1.    Plaintiff Ina Schnitzer is known professionally as Jordan Carver ("Carver"). Plaintiff Carver is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

2.    Plaintiff Vida Guerra ("Guerra") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

3.    Plaintiff Rachel Koren ("Koren") is, and at all times relevant to this action was, a professional model and actress, and a resident California.

4.    Plaintiff Ursula Mayes ("Mayes") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

5.    Plaintiff Lucy Pinder ("Pinder") is, and at all times relevant to this action was, a professional model and actress, and a resident of United Kingdom.

6.    Plaintiff Tiffany Toth Gray ("Toth") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

7.    Plaintiff Jennifer Zharinova ("Zharinova") is, and at all times relevant to this action was, a professional model and actress, and a resident of California.

### B.   Defendant

8.      Defendant The Roleplay Lounge ("Roleplay" or "Defendant"), is a swingers club, located at 3426 Atlantic Avenue, Atlantic City, Atlantic County, New Jersey.

9.      Upon information and belief, Defendant owns and/or operates various social media accounts, including Facebook (https://www.facebook.com/RolePlayLounge/),  Instagram (https://www.instagram.com/roleplay_couples_club/), Twitter (https://twitter.com/roleplaylounge?lang=en) and its website (http://roleplaylounge.com/) through which it promotes its business, solicits customers, and advertises events for Roleplay.

10.      Upon information and belief, Defendant has, and at all times mentioned herein had, control over the contents of its website and social media accounts.

## JURISDICTION AND VENUE

11.      This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege violations of 15 U.S.C. §1125, *et seq.* (the Lanham Act).

12.      Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendant is located in this judicial district.

## FACTUAL BACKGROUND

13.     Each Plaintiff is a professional model and actress who earns a living by commercializing her identity, image, and likeness through negotiated, arms-length transactions with reputable commercial brands and companies.

14.     A model's reputation directly impacts the commercial value associated with the use of her image, likeness, or identity to promote a product or service.

15.     Each Plaintiff expended and continues to expend substantial efforts, resources, and time in building her reputation in the modeling industry.

16.     Each Plaintiff carefully considers the reputation, brand, and type of good or service advertised by any potential client prior to authorizing the use of her image or likeness.

17.     Each Plaintiff's career in modeling, acting, and/or private enterprise has substantial value derived from the goodwill and reputation each has built. Each Plaintiff commands substantial sums of money for the licensed commercial use of her image.

18.     Defendant has brazenly and repeatedly, without consent, misappropriated Plaintiffs' images and likenesses and used them in its advertisements for its swingers club.

19.     The following are Defendant's unauthorized uses of Plaintiffs' images identified so far.

| Plaintiff | Initial Pub. Date | Image URL |
|---|---|---|
| Carver | 4/16/2014 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/617399845009782/?type=3&theater |
| Carver | 4/1/2015 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/798224760260622/?type=3&theater |
| Carver | 3/28/2016 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/979899738759789/?type=3&theater |
| Carver | 3/28/2016 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/979900125426417/?type=3&theater |
| Guerra | 2/2/2012 | https://www.facebook.com/RolePlayLounge/photos/a.109585302457908.18105.109584659124639/254917504591353/?type=3&theater |
| Koren | 10/1/2012 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/365252166891219/?type=3&theater |
| Mayes | 9/4/2012 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/355278297888606/?type=3&theater |
| Mayes | 9/9/2013 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/513400682076366/?type=3&theater |
| Mayes | 9/9/2014 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/689418777807888/?type=3&theater |
| Pinder | 12/3/2012 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/390223127727456/?type=3&theater |
| Pinder | 12/1/2013 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/552114034871697/?type=3&theater |
| Pinder | 12/1/2013 | https://twitter.com/roleplaylounge/status/407332915421253633 |
| Pinder | 6/13/2014 | https://twitter.com/roleplaylounge/status/477401607487762433 |
| Pinder | 7/1/2014 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/655914977824935/?type=3&theater |
| Pinder | 6/29/2015 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/842563385826759/?type=3&theater |
| Pinder | 6/27/2016 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/1038592382890524/?type=3&theater |
| Toth | 11/21/2011 | https://www.facebook.com/RolePlayLounge/photos/a.109585302457908.18105.109584659124639/195646050518499/?type=3&theater |
| Zharinova | 9/4/2012 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/355278297888606/?type=3&theater |
| Zharinova | 9/9/2013 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/513400682076366/?type=3&theater |
| Zharinova | 9/9/2014 | https://www.facebook.com/RolePlayLounge/photos/a.305807366169033.70581.109584659124639/689418777807888/?type=3&theater |

20.    Defendant's use of Plaintiffs' images and likeness was for Defendant's commercial benefit and falsely suggests Plaintiffs' sponsorship, affiliation, and participation in Defendant's business.

21.    Defendant never sought or obtained permission for any use of any of Plaintiffs' images.

22.    None of the Plaintiffs has ever agreed, nor would they have agreed, to any use by Defendant of their images or likenesses to promote Defendant's business.

23.    Defendant has never paid any of the Plaintiffs for its unauthorized use of their images or likenesses.

24.    Defendant's unauthorized use of Plaintiffs' images and likenesses is knowing, willful, and intentional.

## PLAINTIFFS' ALLEGATIONS

25.    Plaintiffs re-state and re-allege paragraphs 1-24 above, and incorporate the same by reference as though fully set forth herein.

### *Plaintiff Jordan Carver*

26.    Plaintiff Carver is a professional model.

27.    In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Carver negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

28.    Defendant has never hired or contracted with Plaintiff Carver to advertise, promote, market or endorse Defendant's business.

29.    In the image used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Carver.

30.    Defendant's appropriation of the image of Plaintiff Carver was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

31.    Defendant has never sought Plaintiff Carver's permission, nor did Plaintiff give Defendant permission to use the image to advertise and promote its club.

32.    Defendant has never compensated Plaintiff for any use of her likeness or image.

33.    Defendant had actual knowledge it was using Plaintiff Carver's image without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Carver's image and identity in total disregard of Plaintiff's rights.

34.    Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Carver's image and likeness.

35. As a direct and proximate result of Defendant's unauthorized use of Plaintiff Carver's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

36. Plaintiff Carver has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### *Plaintiff Vida Guerra*

37. Plaintiff Guerra is a professional model.

38. In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Guerra negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

39. Defendant has never hired or contracted with Plaintiff Guerra to advertise, promote, market or endorse Defendant's business.

40. In the image used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photograph with the naked eye can reasonably determine that the person depicted is Plaintiff Guerra.

41.     Defendant's appropriation of the image of Plaintiff Guerra was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

42.     Defendant has never sought Plaintiff Guerra's permission, nor did Plaintiff give Defendant permission to use the image to advertise and promote its club.

43.     Defendant has never compensated Plaintiff for any use of her likeness or image.

44.     Defendant had actual knowledge it was using Plaintiff Guerra's image without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Guerra's image and identity in total disregard of Plaintiff's rights.

45.     Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Guerra's image and likeness.

46.     As a direct and proximate result of Defendant's unauthorized use of Plaintiff Guerra's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

47.     Plaintiff Guerra has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

*Plaintiff Rachel Koren*

48.     Plaintiff Koren is a professional model.

49.     In all prior instances of authorized commercial marketing and
promotion of her image, likeness or identity by third parties, Plaintiff Koren
negotiated and expressly granted authority for such use pursuant to agreed-upon
terms and conditions and for agreed-upon compensation.

50.     Defendant has never hired or contracted with Plaintiff Koren to
advertise, promote, market or endorse Defendant's business.

51.     In the image used by the Defendant to promote its business and
advertise upcoming events, Plaintiff is readily identifiable in that any person seeing
the photographs with the naked eye can reasonably determine that the person
depicted is Plaintiff Koren.

52.     Defendant's appropriation of the image of Plaintiff Koren was for the
purpose of advertising or soliciting patronage of the Defendant's establishment.

53.     Defendant has never sought Plaintiff Koren's permission, nor did
Plaintiff give Defendant permission to use the image to advertise and promote its
club.

54.     Defendant has never compensated Plaintiff for any use of her likeness
or image.

55.     Defendant had actual knowledge it was using Plaintiff Koren's image
without compensation or consent. Accordingly, Defendant knowingly

misappropriated Plaintiff Koren's image and identity in total disregard of Plaintiff's rights.

56.     Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Koren's image and likeness.

57.     As a direct and proximate result of Defendant's unauthorized use of Plaintiff Koren's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

58.     Plaintiff Koren has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### *Plaintiff Ursula Mayes*

59.     Plaintiff Mayes is a professional model.

60.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Mayes negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

61.     Defendant has never hired or contracted with Plaintiff Mayes to advertise, promote, market or endorse Defendant's business.

62.     In the image used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photographs with the naked eye can reasonably determine that the person depicted is Plaintiff Mayes.

63.     Defendant's appropriation of the image of Plaintiff Mayes was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

64.     Defendant has never sought Plaintiff Mayes' permission, nor did Plaintiff give Defendant permission to use the image to advertise and promote its club.

65.     Defendant has never compensated Plaintiff for any use of her likeness or image.

66.     Defendant had actual knowledge it was using Plaintiff Mayes' image without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Mayes' image and identity in total disregard of Plaintiff's rights.

67.     Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Mayes' image and likeness.

68.     As a direct and proximate result of Defendant's unauthorized use of Plaintiff Mayes' image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

69.     Plaintiff Mayes has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### *Plaintiff Lucy Pinder*

70.     Plaintiff Pinder is a professional model.

71.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Pinder negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

72.     Defendant has never hired or contracted with Plaintiff Pinder to advertise, promote, market or endorse Defendant's business.

73.     In the image used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photographs with the naked eye can reasonably determine that the person depicted is Plaintiff Pinder.

74.     Defendant's appropriation of the image of Plaintiff Pinder was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

75.     Defendant has never sought Plaintiff Pinder's permission, nor did Plaintiff give Defendant permission to use the image to advertise and promote its club.

76.     Defendant has never compensated Plaintiff for any use of her likeness or image.

77.     Defendant had actual knowledge it was using Plaintiff Pinder's image without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Pinder's image and identity in total disregard of Plaintiff's rights.

78.     Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Pinder's image and likeness.

79.     As a direct and proximate result of Defendant's unauthorized use of Plaintiff Pinder's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

80.     Plaintiff Pinder has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### *Plaintiff Tiffany Toth Gray*

81.     Plaintiff Toth is a professional model.

14

82.     In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Toth negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

83.     Defendant has never hired or contracted with Plaintiff Toth to advertise, promote, market or endorse Defendant's business.

84.     In the image used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing the photographs with the naked eye can reasonably determine that the person depicted is Plaintiff Toth.

85.     Defendant's appropriation of the image of Plaintiff Toth was for the purpose of advertising or soliciting patronage of the Defendant's establishment.

86.     Defendant has never sought Plaintiff Toth's permission, nor did Plaintiff give Defendant permission to use the image to advertise and promote its club.

87.     Defendant has never compensated Plaintiff for any use of her likeness or image.

88.     Defendant had actual knowledge it was using Plaintiff Toth's image without compensation or consent. Accordingly, Defendant knowingly misappropriated Plaintiff Toth's image and identity in total disregard of Plaintiff's rights.

89.   Defendant derived a direct commercial benefit from its unauthorized use of Plaintiff Toth's image and likeness.

90.   As a direct and proximate result of Defendant's unauthorized use of Plaintiff Toth's image and likeness, Defendant made profits or gross revenues in an amount to be established at trial.

91.   Plaintiff Toth has further been damaged as a direct and proximate result of Defendant's unauthorized use, as she has lost her exclusive right to control the commercial exploitation of her name, photographs, and likeness, resulting in damages, the total amount of which will be established by proof at trial.

### *Plaintiff Jennifer Zharinova*

92.   Plaintiff Zharinova is a professional model.

93.   In all prior instances of authorized commercial marketing and promotion of her image, likeness or identity by third parties, Plaintiff Zharinova negotiated and expressly granted authority for such use pursuant to agreed-upon terms and conditions and for agreed-upon compensation.

94.   Defendant has never hired or contracted with Plaintiff Zharinova to advertise, promote, market or endorse Defendant's business.

95.   In the image used by the Defendant to promote its business and advertise upcoming events, Plaintiff is readily identifiable in that any person seeing

the photograph with the naked eye can reasonably determine that the person

depicted is Plaintiff Zharinova.

96.   Defendant's appropriation of the image of Plaintiff Zharinova was for

the purpose of advertising or soliciting patronage of the Defendant's establishment.

97.   Defendant has never sought Plaintiff Zharinova's permission, nor did

Plaintiff give Defendant permission to use the image to advertise and promote its

club.

98.   Defendant has never compensated Plaintiff for any use of her likeness

or image.

99.   Defendant had actual knowledge it was using Plaintiff Zharinova's

image without compensation or consent. Accordingly, Defendant knowingly

misappropriated Plaintiff Zharinova's image and identity in total disregard of

Plaintiff's rights.

100.   Defendant derived a direct commercial benefit from its unauthorized

use of Plaintiff Zharinova's image and likeness.

101.   As a direct and proximate result of Defendant's unauthorized use of

Plaintiff Zharinova's image and likeness, Defendant made profits or gross revenues

in an amount to be established at trial.

102.   Plaintiff Zharinova has further been damaged as a direct and

proximate result of Defendant's unauthorized use, as she has lost her exclusive

right to control the commercial exploitation of her name, photographs, and

likeness, resulting in damages, the total amount of which will be established by proof at trial.

## COUNT I

## Misappropriation of Likeness

103.   Plaintiffs re-state and re-allege paragraphs 1 through 102 above, and incorporate the same by reference as though fully set forth herein.

104.   Plaintiffs have a right to control the commercial use of their names, images, and likenesses. Under New Jersey law, the unauthorized use of a person's image or likeness for a predominately commercial purpose is unlawful.

105.   Defendant's use of Plaintiffs' images and likenesses to advertise its swingers club business constitutes a use for commercial purposes.

106.   Defendant's use of Plaintiffs' photographs and likenesses did not occur in connection with the dissemination of news or information and was without a redeeming public interest or historical value.

107.   Defendant never obtained Plaintiffs' consent for the use of their images and likenesses.

108.   Defendant's use of each Plaintiffs' photographs and likenesses was willful and deliberate.

109.   As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's swingers club, Defendant enjoyed increased revenues and profits.

110.   As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

## COUNT II

## Unfair Competition / False Endorsement

## Lanham Act, 15 U.S.C. §1125(a)

111.   Plaintiffs re-state and re-allege paragraphs 1 through 110 above, and incorporate the same by reference as though fully set forth herein.

112.   Plaintiffs, through their careers in modeling, advertising, and acting, have all attained significant fame and celebrity.

113.   Each Plaintiff enjoys a substantial social media following and has appeared in publications, television, and movies as described above.

114.   Each Plaintiff earns her living by commercializing her identity for use by reputable brands and services through arms-length negotiated transactions.

115.   Each Plaintiff possesses a valid and protectable mark in the form of her persona, image, likeness, and identity.

116.   Each Plaintiff has, and at all times mentioned herein, possessed, maintained, and safeguarded her exclusive right to control the use of her persona, image, likeness, and identity.

117.   Prior to authorizing the use of her image, likeness, or identity, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

118.   Without consent,  Defendant placed Plaintiffs' images and likeness on advertisements promoting its swingers club business.

119.   In Defendant's advertisements that contain Plaintiffs' images and likenesses, Plaintiffs are clearly depicted and readily identifiable.

120.   Plaintiffs and the Defendant are all in the entertainment industry and use similar marketing channels, including social media.

121.   Defendant misappropriated Plaintiffs' images and likenesses in order to create the false impression that Plaintiffs are somehow affiliated with, have endorsed, or otherwise participate in Defendant's swingers club business.

122.   Defendant never sought any Plaintiffs' consent to use her image or likeness.

123.   Plaintiffs never participated in, affiliated with, or endorsed Defendant's swingers club business.

124.   Plaintiffs would not agree to allow their image or likeness to be used to promote Defendant's swingers club business.

125.   Defendant, at all times mentioned herein, knew that it had no right to use Plaintiffs' images or likenesses to promote its swingers club business.

126.   Plaintiffs, through their careers in modelling and acting, are well known among the customer base Defendant sought to reach with its advertisements.

127.   Indeed, Defendant chose Plaintiffs precisely because of their level of recognition among the demographic of consumers Defendant targets with its advertisements.

128.   Defendant clearly intended to create the false impression that Plaintiffs performed at or otherwise endorsed Defendant's business.

129.   Defendant placed the misappropriated images on the very same marketing channels (i.e. Facebook, Instagram, and Twitter) used by Plaintiffs to promote themselves.

130.   Defendant's misappropriation of Plaintiffs' images is likely to cause confusion as to Plaintiffs' affiliation with, sponsorship of, and/or participation in Defendant's swingers club business.

131.   Upon information and belief, Defendant's misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, and participation in Defendant's swingers club business.

132.   Defendant knew or should have known that, given Plaintiffs' careers as professional models, obtaining the right to use their images and likenesses would have required consent and compensation.

133.   Defendant's repeated and brazen unauthorized use of Plaintiffs' images and likenesses, without seeking their consent, constitutes willful and deliberate conduct.

134.   As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's swingers club, Defendant enjoyed increased revenues and profits.

135.   As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

## COUNT III

## Unfair Competition / False Endorsement

## N.J.S.A. 56:4-1, *et seq.*

136.   Plaintiffs re-state and re-allege paragraphs 1 through 135 above, and incorporate the same by reference as though fully set forth herein.

137.   The aforesaid acts of Defendant's unauthorized use of Plaintiffs' images and likenesses in connection with creating the false impression that they were affiliated with and endorsed Defendant's business constitutes unfair competition under N.J.S.A. 56:4-1.

138.   As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's swingers club, Defendant enjoyed increased revenues and profits.

139.   As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

140.   Defendant's wrongful and deliberate conduct has caused significant damage to Plaintiffs, both directly and indirectly, and Plaintiffs respectfully request treble damages as authorized by N.J.S.A. 56:4-2.

## COUNT IV

## Common Law Unfair Competition

141.   Plaintiffs re-state and re-allege paragraphs 1 through 140 above, and incorporate the same by reference as though fully set forth herein.

142.   The aforesaid acts of Defendant's unauthorized use of Plaintiffs' images and likenesses in connection with creating the false impression that they were affiliated with and endorsed Defendant's business constitutes unfair competition under the common law of New Jersey.

143.   As a direct and proximate result of Defendant's scheme to create the false impression that Plaintiffs were affiliated with and/or performed at Defendant's swingers club, Defendant enjoyed increased revenues and profits.

144.   As a further direct and proximate result of Defendant's deliberate and willful conduct, Plaintiffs have suffered actual damages in an amount to be established at trial.

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant as follows:

1. For actual, consequential, and incidental damages in an amount to be proven at trial;

2. For the amount due, owing and unpaid to Plaintiffs representing the fair market value of their services;

3. For trebling of damages;

4. For punitive damages in an amount to be proven at trial;

5. For prejudgment interest in an amount proscribed by law;

6. For disgorgement of Defendant's profits;

7. For costs of this lawsuit including reasonable attorney's fees; and

8. For such other and further relief as to this court seem just, proper and equitable.

///

///

///

## <u>JURY DEMAND</u>

Plaintiffs hereby demand trial by jury as to all issues in the above matter.

Respectfully submitted,

Date: November 21, 2017                       BARON & BUDD, P.C.

s/ Jonas P. Mann
Jonas P. Mann
jmann@baronbudd.com

Roland Tellis
rtellis@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California  91436
Telephone:   (818) 839-2333
Facsimile:   (818) 986-9698

Raymond P. Boucher
ray@boucher.la
**BOUCHER LLP**
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367
Telephone:   (818) 340-5400
Facsimile:   (818) 340-5401